1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                        EASTERN DISTRICT OF CALIFORNIA

10

11   GALE JOSEPH YOUNG,                    Case No.  1:24-cv-0873-BAM (PC)

12                 Plaintiff,              ORDER DIRECTING CLERK OF COURT TO
                                           RANDOMLY ASSIGN DISTRICT JUDGE TO
13        v.                               ACTION

14   HERREA, *et al.*,                     FINDINGS AND RECOMMENDATIONS
                                           REGARDING DISMISSAL OF CERTAIN
15                 Defendants.             CLAIMS AND DEFENDANTS

16                                         (ECF No. 14 )

17                                         **FOURTEEN (14) DAY DEADLINE**

18

19        Plaintiff Gale Joseph Young ("Plaintiff") is a state prisoner proceeding *pro se* and *in*

20   *forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  Before the Court could

21   screen the complaint, Plaintiff filed a first amended complaint.  The Court screened Plaintiff's

22   first amended complaint, and Plaintiff was granted leave to amend or to notify the Court of his

23   willingness to proceed on the cognizable claim.  Plaintiff's second amended complaint is

24   currently before the Court for screening.  (ECF No. 14.)

25   **I.       Screening Requirement and Standard**

26        The Court is required to screen complaints brought by prisoners seeking relief against a

27   governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C.

28   § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous

                                           1

1    or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary

2    relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b).

3        A complaint must contain "a short and plain statement of the claim showing that the

4    pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

5    required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

6    conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell*

7    *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as

8    true, courts "are not required to indulge unwarranted inferences."  *Doe I v. Wal-Mart Stores, Inc.*,

9    572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

10        To survive screening, Plaintiff's claims must be facially plausible, which requires

11    sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable

12    for the misconduct alleged.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret*

13    *Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully

14    is not sufficient, and mere consistency with liability falls short of satisfying the plausibility

15    standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

16    **II.    Plaintiff's Allegations**

17        Plaintiff is currently housed at Martinez County Jail, in Martinez, California.  Plaintiff

18    alleges the events in the complaint occurred while he was a state prisoner housed at Corcoran

19    State Prison.  Plaintiff names as defendants: (1) California Department of Rehabilitation and

20    Correction, (2) Herrea, correctional officer, C-yard, (3) Sgt. Gonzales, sergeant on C-yard.

21        In claim 1, Plaintiff alleges excessive force, cruel and punishment.  On or about June 5,

22    2022, during an institutional cell search, correctional officer Herrea searched Plaintiff's cell and

23    confiscated Plaintiff's TV with CD player and CD purchased from an approved vendor by

24    Plaintiff's family.  While doing so, Plaintiff yelled at CO Herrea, "that's mine, my family bought

25    that, you can't just take it!"  CO Herrea then escorted Plaintiff back to his cell with hands cuffed

26    behind his back.  Vindictively CO Herrea squeezed Plaintiff's right arm to make Plaintiff look

27    and half turn, then slammed Plaintiff on Plaintiff's head extremely hard causing Plaintiff to lose

28    consciousness and suffer a concussion that had to be treated at an outside hospital. The incident

1   was caught on security video from multiple angles.  Days later, two sergeants contacted Plaintiff

2   and encouraged Plaintiff to write a grievance promising Plaintiff would not suffer retaliation,

3   which was not true.  To this day, Plaintiff suffers from migraine headaches due to the concussion

4   caused by Herrea.

5          In claim 2, Plaintiff alleges Due Process and cruel and unusual punishment.  Sergeant

6   Gonzales, who handles inmates' property  (TV w/CD player) issues, initially told Plaintiff that he

7   would return Plaintiff's TV w/CD player if Plaintiff could show a receipt.  Sgt. Gonzales even

8   told Plaintiff there was not a confiscation receipt.  Plaintiff produced 2 receipts for TVs with

9   CD/player that were purchased while Plaintiff was housed in Corcoran, both receipts were

10  already filed in Plaintiff's inmate C-file.  While Plaintiff was showing Sgt. Gonzales the receipts,

11  Plaintiff also met with Internal Affairs, then Sgt. Gonzales falsely claimed Plaintiff's TV w/CD

12  play had another inmate's ID number on it.  Plaintiff then asked Sgt. Gonzales to show Plaintiff

13  or take a picture of the TV with the ID number he falsely claimed was on Plaintiff's TV, knowing

14  he could not.  Sgt. Gonzales then stopped responding to Plaintiff's grievance to return the TV

15  w/CD player and CD.  A whole year passed for the response time, and even when Plaintiff saw

16  Sgt. Gonzales on prison grounds in passing and asked about returning Plaintiff's property, he

17  refused to discuss the matter.

18         Plaintiff seeks financial compensation and a formal apology.

19  **III.    Discussion**

20  **Supervisory Liability**

21         Insofar as Plaintiff is attempting to sue Defendant Sergeant Gonzales, or any other

22  defendant, based on his supervisory role, he may not do so. Liability may not be imposed on

23  supervisory personnel for the actions or omissions of their subordinates under the theory of

24  respondeat superior. *Iqbal*, 556 U.S. at 676–77; *Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011,

25  1020–21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v.*

26  *Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

27         Supervisors may be held liable only if they "participated in or directed the violations, or

28  knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th

Cir. 1989); *accord Starr v. Baca*, 652 F.3d 1202, 1205–06 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009). Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1970).

Here, Plaintiff has failed to establish that Defendant Sergeant Gonzales, or other supervisor, participated in or directed any constitutional violation or that he implemented a policy so deficient that it was the moving force of any constitutional violation.

**Eleventh Amendment Immunity**

"The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." *Aholelei v. Dep't of Public Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007). Indeed, the Eleventh Amendment prohibits federal courts from hearing a Section 1983 lawsuit in which damages or injunctive relief is sought against a state, its agencies (such as CDCR) or individual prisons, absent "a waiver by the state or a valid congressional override...." *Dittman v. California*, 191 F.3d 1020, 1025 (9th Cir. 1999). "The Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, 'an arm of the state,' its instrumentalities, or its agencies." *See Fireman's Fund Ins. Co. v. City of Lodi, Cal*., 302 F.3d 928, 957 n.28 (9th Cir. 2002) (internal quotation and citations omitted), cert. denied, 538 U.S. 961, 123 S.Ct. 1754, 155 L.Ed.2d 512 (2003). "The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court...." *Dittman*, 191 F.3d at 1025–26 (citing *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241, 105 S.Ct. 3142, 87 L.Ed.2d 171 (1985)); *see also Brown v. Cal. Dep't. of Corrs*., 554 F.3d 747, 752 (9th Cir. 2009) (finding California Department of Corrections and California Board of Prison Terms entitled to Eleventh Amendment immunity).

Therefore, Plaintiff cannot pursue claims for damages or injunctive relief against the State, CDCR, or Corcoran in this action.

1    **Eight Amendment - Excessive Force**

2        The Eighth Amendment protects prisoners from inhumane methods of punishment and

3    from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir.

4    2006). The unnecessary and wanton infliction of pain violates the Cruel and Unusual

5    Punishments Clause of the Eighth Amendment. *Hudson v McMillian*, 503 U.S. 1, 5 (1992)

6    (citations omitted). Although prison conditions may be restrictive and harsh, prison officials must

7    provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety.

8    *Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994) (quotations omitted).

9        "[W]henever prison officials stand accused of using excessive physical force in violation

10   of the [Eighth Amendment], the core judicial inquiry is...whether force was applied in a good-

11   faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."

12   *Hudson*, 503 U.S. at 6-7. Relevant factors for this consideration include "the extent of injury... [,]

13   the need for application of force, the relationship between that need and the amount of force used,

14   the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the

15   severity of a forceful response.' " *Id.* (quoting *Whitley v. Albers*, 475 U.S. 1078, 1085 (1986) ).

16   Finally, because the use of force relates to the prison's legitimate penological interest in

17   maintaining security and order, the court must be deferential to the conduct of prison officials.

18   *See Whitley*, 475 U.S. at 321–22.  Not "every malevolent touch by a prison guard gives rise to a

19   federal cause of action." *Id.* at 9. De minimis uses of physical force do not violate the constitution

20   provided that the use of force is not of a sort "repugnant to the conscience of mankind." *Whitley*

21   *v. Albers*, 475 U.S. 312, 327 (1986) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

22       Liberally construing the allegations, Plaintiff states a cognizable claim against Defendant

23   Herrea for excessive force for slamming Plaintiff down, head first while handcuffed.

24   **Fourteenth Amendment Due Process**

25       Insofar as Plaintiff also alleges that Defendant Herrea wrongfully took his property, these

26   allegations also are not sufficient to support a cognizable claim.  Prisoners have a protected

27   interest in their personal property.  *Hansen v. May,* 502 F.2d 728, 730 (9th Cir. 1974).  An

28   authorized, intentional deprivation of property is actionable under the Due Process Clause.  *See*

1   *Hudson v. Palmer*, 468 U.S. 517, 532 n.13 (1984) (citing *Logan v. Zimmerman Brush Co.*, 455

2   U.S. 422, 435–36 (1982)); *Quick v. Jones,* 754 F.2d 1521, 1524 (9th Cir. 1985).  However, "an

3   unauthorized intentional deprivation of property by a state employee does not constitute a

4   violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment

5   if a meaningful post deprivation remedy for the loss is available."  *Hudson*, 468 U.S. at 533.

6        Plaintiff contends that Defendant Herrea improperly took his property.  As Defendant

7   Herrea's conduct was an unauthorized deprivation of property, due process is satisfied if there is a

8   meaningful post-deprivation remedy available to Plaintiff.  *Id.* Plaintiff has an adequate post-

9   deprivation remedy available under California law.  *Barnett v. Centoni*, 31 F.3d 813, 816–17 (9th

10  Cir. 1994) (citing Cal. Gov't Code §§ 810–95).  Therefore, Plaintiff fails to allege a cognizable

11  due process claim for the alleged deprivation of his property.

12  **Retaliation**

13       Allegations of retaliation against a prisoner's First Amendment rights to speech or to

14  petition the government may support a section 1983 claim.  *Rizzo v. Dawson*, 778 F.2d 527, 532

15  (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v.*

16  *Rowland*, 65 F.3d 802, 807 (9th Cir. 1995).  "Within the prison context, a viable claim of First

17  Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some

18  adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that

19  such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did

20  not reasonably advance a legitimate correctional goal."  *Rhodes v. Robinson*, 408 F.3d 559, 567–

21  68 (9th Cir. 2005); *accord Watison v. Carter*, 668 F.3d 1108, 1114-15 (9th Cir. 2012); *Silva*, 658

22  at 1104; *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009).

23       Adverse action taken against a prisoner "need not be an independent constitutional

24  violation.  The mere threat of harm can be an adverse action."  *Watison*, 668 F.3d at 1114

25  (internal citations omitted).  A causal connection between the adverse action and the protected

26  conduct can be alleged by an allegation of a chronology of events from which retaliation can be

27  inferred.  *Id.*  The filing of grievances and the pursuit of civil rights litigation against prison

28  officials are both protected activities.  *Rhodes*, 408 F.3d at 567–68.  The plaintiff must allege

1   either a chilling effect on future First Amendment activities, or that he suffered some other harm

2   that is "more than minimal." *Watison*, 668 F.3d at 1114.  A plaintiff successfully pleads that the

3   action did not reasonably advance a legitimate correctional goal by alleging, in addition to a

4   retaliatory motive, that the defendant's actions were "arbitrary and capricious" or that they were

5   "unnecessary to the maintenance of order in the institution." *Id.*

6        Plaintiff has failed to cure any deficiency. Plaintiff failed to allege what conduct Plaintiff

7   engaged in which was protected conduct, who took an adverse action that chilled Plaintiff's First

8   Amendment rights, that did not advance a legitimate correctional goal.

9        **False Reports**

10       To the extent Plaintiff alleges that any defendant falsified chronos or disciplinary reports

11  against Plaintiff, he cannot state a claim.

12        The creation of false evidence, standing alone, is not actionable under § 1983. *See*

13  *Hernandez v. Johnston*, 833 F.2d 1316, 1319 (9th Cir. 1987) (independent right to accurate prison

14  record has not been recognized); *Johnson v. Felker*, No. 1:12–cv–02719 GEB KJN (PC), 2013

15  WL 6243280, at *6 (E.D. Cal. Dec. 3, 2013) ("Prisoners have no constitutionally guaranteed right

16  to be free from false accusations of misconduct, so the mere falsification of a report does not give

17  rise to a claim under section 1983.") (citations omitted).

18   **IV.    Conclusion**

19       Based on the above, the Court finds that Plaintiff's second amended complaint, filed on

20  April 7, 2025 (ECF No. 14), states a cognizable claim against Defendant correctional officer

21  Herrea for excessive force in violation of the Eighth Amendment.  Plaintiff fails to state any other

22  claim against any defendant. Despite being provided with the relevant pleading and legal

23  standards, Plaintiff has been unable to cure the identified deficiencies and further leave to amend

24  is not warranted.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

25       Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a

26  District Judge to this action.

27       Furthermore, IT IS HEREBY RECOMMENDED that:

28       1.   This action proceed on Plaintiff's second amended complaint, filed on April 7, 2025

(ECF No. 14), against Defendant correctional officer Herrea for excessive force in violation of the Eighth Amendment; and

2. All other claims and defendants be dismissed based on Plaintiff's failure to state claims upon which relief may be granted.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." **Objections, if any, shall not exceed fifteen (15) pages or include exhibits. Exhibits may be referenced by document and page number if already in the record before the Court. Any pages filed in excess of the 15-page limit may not be considered.** The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **April 9, 2025**              /s/ *Barbara A. McAuliffe*
                                         UNITED STATES MAGISTRATE JUDGE

8