# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GALE J. YOUNG,<br><br>                Plaintiff,<br><br>      v.<br><br>HERREA,<br><br>                Defendant. | Case No. 1:24-cv-00873-KES-BAM (PC)<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE WHY DEFENDANT HERREA SHOULD NOT BE DISMISSED FROM THIS ACTION FOR FAILURE TO PROVIDE SUFFICIENT INFORMATION TO EFFECTUATE SERVICE<br><br>(ECF No. 24)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO ENTER JUDGMENT OF DEFAULT OR SETTLEMENT CONFERENCE WITH CDCR WITHOUT PREJUDICE<br><br>(ECF No. 25) |

Plaintiff Gale J. Young ("Plaintiff") is a county jail inmate and former state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds against Defendant Herrea for excessive force in violation of the Eighth Amendment.

On July 25, 2025, the Court issued an order directing service on Defendant Herrea under the Court's E-Service pilot program for civil rights cases for the Eastern District of California. (ECF No. 18.) The order included the following information regarding Defendant Herrea: "Herrea, Correctional Officer; Corcoran State Prison; on or about June 5, 2022." (*Id.* at 2.) On

1

September 12, 2025, the Court received information that Defendant Herrea could not be identified. Service documents were forwarded to the United States Marshals Service. On December 18, 2025, the United States Marshal filed a return of service unexecuted as to Defendant Herrea. (ECF No. 23.)

Accordingly, on December 18, 2025, the Court issued an order to show cause why Defendant Herrea should not be dismissed from the action for failure to provide sufficient information to effectuate service, and directed Plaintiff to file a response within thirty days. (ECF No. 24.)

Currently before the Court is Plaintiff's response, filed January 12, 2026. (ECF No. 25.) In his response, Plaintiff states that to further assist in identifying Correctional Officer Herrea, "the grievance Plaintiff filed regarding property . . . stolen and excessive force plaintiff suffered on June 5, 2023 was, Log No 418612." (*Id.* at 1.) Plaintiff states that there is "only one C.O. Herrea associated with this Grievance; Log No. 418612, at Corcoran State Prison, C-Yard C3 #225." (*Id.*) Plaintiff contends that given Defendant and Counsel are showing the Court "their willingness to lie and mislead the Court to avoid prosecution, when the assault is on camra [sic] and [CDCR] Internal Affairs has already conducted an investigation, finding Defendant did in fact use excessive force." (*Id.* at 1-2.) Plaintiff asserts that the Court can save time and resources by entering a judgment of default or settlement conference. (*Id.* at 2.) He further claims that a settlement conference or entering a judgment of default is the only solution to Defendant's "false claim that C.O. Herrea . . . can not be identified." (*Id.* at 2.)

In light of the additional identifying information for Defendant Herrea, the Court will discharge the order to show cause and order a second attempt to serve Defendant Herrea based on the new information provided. As a result, entry of default or scheduling a settlement conference is premature. Plaintiff's request for entry of default or for a settlement conference will be denied without prejudice.

Based on the foregoing, it is HEREBY ORDERED that:

1. The December 18, 2025 order to show cause, (ECF No. 24), is DISCHARGED;

2. Plaintiff's request for entry of default or for settlement conference, (ECF No. 25), is

2

DENIED without prejudice; and

3. The Court will issue a separate order regarding E-Service on Defendant Herrea.

IT IS SO ORDERED.

Dated:    **January 14, 2026**            /s/ Barbara A. McAuliffe          _
                                          UNITED STATES MAGISTRATE JUDGE

3