# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

GALE J. YOUNG,

             Plaintiff,

    v.

HERREA,

             Defendant.

Case No.  1:24-cv-00873-KES-BAM (PC)

ORDER DENYING PLAINTIFF'S REQUEST FOR DISCOVERY AND TO RESCHEDULE SETTLEMENT CONFERENCE WITHOUT PREJUDICE

(ECF No. 38)

Plaintiff Gale J. Young ("Plaintiff") is a county jail inmate and former state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds against Defendant Herrea[1] for excessive force in violation of the Eighth Amendment.

On March 16, 2026, the Court found the matter appropriate for post-screening ADR (Alternative Dispute Resolution), stayed the action, and set a video settlement conference in this matter for June 2, 2026.  (ECF No.  (ECF No. 34.)  On May 6, 2026, the Court issued a writ of habeas corpus ad testificandum directing the production of Plaintiff for the June 2, 2026 settlement conference.  (ECF No. 35.)

On May 27, 2026, Defendant Herrea filed a request to continue the settlement conference.  (ECF No. 36.)  Defendant indicated that defense counsel assigned to this case had been making

---

[1] According to the answer, Defendant is "J. Herrera." (ECF No. 32.)

1

efforts to contact Plaintiff, but learned that Plaintiff is out to court in Contra Costa County and is presently housed in Contra Costa County Jail. (*Id.* at 1.) Additionally, assigned defense counsel had been out of the office since May 20, 2026, and remained out of the office through May 27, 2026, handling personal matters. (*Id.*) Assigned defense counsel therefore had been unable to meet with Plaintiff or confirm with Contra Costa County Jail as to whether Plaintiff can appear via video conference at the settlement conference scheduled for June 2, 2026. (*Id.* at 1-2.) Defense counsel also had not had the opportunity to ascertain Plaintiff's return to CDCR custody. (*Id.* at 2.) Defendant therefore requested that the Court vacate the settlement conference to allow assigned defense counsel to return to the office and ascertain Plaintiff's return to CDCR. Defendant also requested to provide a status report to the Court by July 15, 2026, and that the case continue to remain stayed. (*Id.*)

On May 28, 2026, the Court granted Defendant's request to continue the settlement conference, vacated the June 2, 2026 settlement conference and the writ of habeas corpus ad testificandum, directed that Defendant file a settlement conference status report on or before July 15, 2026, advising the Court as to Plaintiff's location and ability to attend a settlement conference, and continued the stay in this action. (ECF No. 37.)

On June 1, 2026, Plaintiff filed a response to the Court's order. (ECF No. 38.) Plaintiff claims that defense counsel and the Attorney General's Office are aware that the Martinez Jail has Zoom availability for inmates and they have conducted a deposition with Plaintiff over Zoom while housed at the Martinez Jail. (*Id.*) Plaintiff further claims that defense counsel waited until May 22, 2026, to contact the jail with instructions to have Plaintiff call. Plaintiff left a voice message informing defense counsel of his settlement demand. Plaintiff believes defense counsel wanted out of the settlement conference by any means. (*Id.*) He notes that his return to CDCR is irrelevant because the Martinez Jail has Zoom and telephone, along with tablets for emails and text message or video calls for defense counsel and Plaintiff to communicate freely. (*Id.*)

Additionally, Plaintiff indicates that if the Court is considering a stay, then he requests he be given leave to amend his complaint to include Plaintiff's arresting agency, Antioch Police. (ECF No. 38 at 2.) Plaintiff also asks the Court to: (1) begin discovery, including video of the

2

incident, CDCR internal affairs findings, and his medical records, (2) reschedule the settlement conference, (3) void any report from defense counsel, and (4) order defense counsel to provide entire video of the incident and CDCR internal affairs findings for settlement conference purposes.  (*Id* at 3-4.)

Plaintiff is advised that this action is stayed.  (ECF Nos. 34, 37.)  As a result, no other pleadings or documents may be filed during the stay, such as a motion to amend or an amended complaint, and the request for formal discovery is premature.  Plaintiff is advised, however, that the parties may engage in informal discovery, and Plaintiff is not precluded from requesting his own records from CDCR.  At this time, the Court declines to lift the stay or to reschedule the settlement conference in this matter until defense counsel files a settlement conference status report on or before July 15, 2026.

Accordingly, it is HEREBY ORDERED that:

1.  Plaintiff's request for discovery and to reschedule the settlement conference are DENIED without prejudice.

2.  The stay of this action is continued unless and until lifted by the Court.

IT IS SO ORDERED.

Dated:   **June 10, 2026**         /s/ *Barbara A. McAuliffe*
                            UNITED STATES MAGISTRATE JUDGE

3