# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GALE J. YOUNG,<br>Plaintiff,<br>v.<br>HERREA,<br>Defendant. | Case No. 1:24-cv-00873-KES-BAM (PC)<br><u>ORDER SETTING SETTLEMENT CONFERENCE</u><br>Hearing: **Settlement Conference**<br>Date: **October 26, 2026**<br>Time: **9:30 a.m.**<br>Judge: **Stanley A. Boone**<br>Location: **via Zoom Videoconference** |

Plaintiff Gale J. Young ("Plaintiff") is a county jail inmate and former state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds against Defendant Herrea[1] for excessive force in violation of the Eighth Amendment.

On March 16, 2026, the Court identified this case as appropriate for post-screening ADR (Alternative Dispute Resolution), stayed the action, and set a video settlement conference on June 2, 2026. (ECF No. 34.) On May 6, 2026, the Court issued a writ of habeas corpus ad testificandum directing the production of Plaintiff for the settlement conference. (ECF No. 35.)

On May 27, 2026, Defendant filed a request to continue the settlement conference. (ECF No. 36.) Defendant indicated that defense counsel assigned to this case had been making efforts to contact

[1] According to the answer, Defendant is "J. Herrera." (ECF No. 32.)

Plaintiff, but learned that Plaintiff was out to court in Contra Costa County and was housed in Contra Costa County Jail. (*Id.* at 1.) Additionally, assigned defense counsel had been out of the office since May 20, 2026, and remained out of the office through May 27, 2026, handling personal matters. (*Id.*) Assigned defense counsel therefore had been unable to meet with Plaintiff or confirm with Contra Costa County Jail as to whether Plaintiff could appear via video conference at the settlement conference. (*Id.* at 1-2.) Defense counsel also had not had the opportunity to ascertain Plaintiff's return to CDCR custody. (*Id.* at 2.) Defendant therefore requested that the Court vacate the settlement conference to allow assigned defense counsel to return to the office and ascertain Plaintiff's return to CDCR. Defendant also requested to provide a status report to the Court by July 15, 2026, and that the case continue to remain stayed. (*Id.*)

On May 28, 2026, the Court granted Defendant's request, vacated the June 2, 2026 settlement conference and the writ of habeas corpus ad testificandum, directed Defendant to file a settlement conference status report on or before July 15, 2026, advising the Court as to Plaintiff's location and ability to attend a settlement conference, and continued the stay in this action. (ECF No. 37.)

On June 10, 2026, the Court denied Plaintiff's request for discovery and to reschedule the settlement conference without prejudice and continued the stay of this action. (ECF No. 39.)

On July 14, 2026, Defendant filed a status report. (ECF No. 40.) Defendant indicates that Plaintiff remains out to court in Contra Costa County and is located in the Contra Costa County Jail. (*Id.*) Defendant further indicates that the Contra Costa County Sheriff's Office has the technical capacity to facilitate Plaintiff's participation in a video settlement when one is set by the Court. (*Id.*) Defendant requests that the Court set a new date for a video settlement conference. (*Id.*)

Accordingly, this case is referred to Magistrate Judge Stanley A. Boone to conduct a **video settlement conference, via the Zoom videoconferencing application**, on October 26, 2026, at 9:30 a.m. The Court will issue any necessary transportation order in due course.

Counsel for Defendant shall contact Courtroom Deputy Jan Nguyen at (559) 499-5672 or jnguyen@caed.uscourts.gov for the video and dial-in information, including any necessary passcodes, for all parties. Counsel for Defendant is also required to arrange for Plaintiff's participation by contacting the Litigation Coordinator at the institution where Plaintiff is housed and providing the

necessary Zoom contact information.

The parties shall each submit to Judge Boone a confidential settlement conference statement, as described below, to arrive at least seven days (one week) prior to the conference.

The Court again puts the parties on notice that if Plaintiff has any outstanding criminal restitution obligation, fines and/or penalties, these settlement negotiations shall not be geared towards what the restitution obligation is, but what the value of the case itself is to each side, irrespective of any outstanding restitution obligation.

Defendant shall be prepared to negotiate the merits of the case and offer more than a waiver of costs as a reasonable compromise to settle the case. The parties are also informed that an offer of dismissal in exchange for a waiver of costs is not considered good faith settlement negotiations.

In accordance with the above, IT IS HEREBY ORDERED that:

1. This action remains STAYED to allow the parties an opportunity to settle their dispute before the discovery process begins. Except as provided herein or by subsequent court order, no other pleadings or other documents may be filed in this case during the stay of this action. The parties shall not engage in formal discovery, but may engage in informal discovery to prepare for the settlement conference.
2. This case is re-set for a **video** settlement conference, **via the Zoom videoconferencing application**, before Magistrate Judge Stanley A. Boone on **October 26, 2026 at 9:30 a.m.**
3. A representative with full and unlimited authority to negotiate and enter into a binding settlement shall attend **via the Zoom videoconferencing application**.[2]
4. Those in attendance must be prepared to discuss the claims, defenses and damages. The failure or refusal of any counsel, party or authorized person subject to this order to appear in person may result in the cancellation of the conference and the imposition of sanctions.
5. Defendant shall provide a confidential settlement statement to the following email address: **saborders@caed.uscourts.gov**. Plaintiff shall mail his confidential settlement statement to

---

[2] In light of the coronavirus (COVID-19) outbreak and the evolving coronavirus protocols, the Court may issue an order at a later date requiring the parties to appear in person.

U.S. District Court, 2500 Tulare Street, Fresno, California 93721, **"Attention: Magistrate Judge Stanley A. Boone."** The envelope shall be marked "Confidential Settlement Statement." Settlement statements shall arrive no later than **October 19, 2026**. Parties shall also file a Notice of Submission of Confidential Settlement Statement (See Local Rule 270(d)). Settlement statements **should not be filed** with the Clerk of the Court **nor served on any other party**. Settlement statements shall be clearly marked "Confidential" with the date and time of the settlement conference indicated prominently thereon.

6. The confidential settlement statement shall be **no longer than five pages** in length, typed or neatly printed, and include the following:
   a. A brief statement of the facts of the case.
   b. A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.
   c. An estimate of the cost and time to be expended for further discovery, pretrial, and trial.
   d. The party's position on settlement, including present demands and offers and a history of past settlement discussions, offers, and demands.
   e. A brief statement of each party's expectations and goals for the settlement conference, including how much a party is willing to accept and/or willing to pay.
   f. If parties intend to discuss the joint settlement of any other actions or claims not in this suit, give a brief description of each action or claim as set forth above, including case number(s) if applicable.
7. If a settlement is reached at any point during the stay of this action, the parties shall file a Notice of Settlement in accordance with Local Rule 160.
8. **Defense counsel shall contact the Litigation Coordinator at the institution where Plaintiff is housed to determine whether the institution can accommodate a Zoom video appearance by Plaintiff at this date and time.**
9. The parties remain obligated to keep the Court informed of their current address at all times during the stay and while the action is pending. Any change of address must be reported

promptly to the Court in a separate document captioned for this case and entitled "Notice of Change of Address." See Local Rule 182(f).

10. **A failure to follow these procedures may result in the imposition of sanctions by the court.**

IT IS SO ORDERED.

Dated: **July 21, 2026**

/s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE